**Raymond F. WEHNER, et al.,
Plaintiffs,**

v.

**SYNTEX CORPORATION and Syntex
(U.S.A.) Inc., Defendants.**

**No. C–85–20383 SW.**

United States District Court,
N.D. California.

Dec. 21, 1987.

### ORDER GRANTING DEFENDANTS' MOTION TO STRIKE AND GRANTING PLAINTIFFS LEAVE TO AMEND

DAVID W. WILLIAMS, District Judge.

This case came before this court on December 16, 1987 for hearing on defendants' motion to strike certain paragraphs of plaintiffs' complaint. This court having duly considered the pleadings and oral arguments of the parties, GRANTS the defendants' motion to strike three allegations in plaintiffs' complaint. Specifically, the court strikes allegations concerning costs of medical examinations to diagnose, assess or monitor the effects of dioxin contamination; diminution in value or loss of real and personal property; and post-relocation living expenses. Plaintiffs' counsel stated during oral argument that plaintiffs no longer seek recovery for post-relocation living expenses.

### I. BACKGROUND

This case is a certified class action brought by residents and property owners in "confirmed dioxin sites," most notably in Times Beach, Missouri. Plaintiffs bring this action pursuant to section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (hereinafter "CERCLA").[1] Plaintiffs seek to recover from defendants "response costs" in connection with the dioxin contamination near their homes. CERCLA provides for recovery of "response costs" incurred as a result of a leak of hazardous substances into the environment. Venue is proper as defendants have their principal place of business in this district.

### II. DISCUSSION

#### A. Costs of medical exams

Plaintiffs request recovery for costs of medical monitoring, not for expenses due to personal injury, illness, or death.

██ Section 9601(25) defines response as "remove, removal, and remedial action."

---

1. CERCLA is found at 42 U.S.C. § 9601 et. seq.

Section 9601(23) in turn defines removal as "the cleanup or removal of released hazardous substances from the environment, such actions as may be necessary taken in the event of the threat of relase of hazardous substances into the environment, [and] such actions as may be necessary to monitor, assess, and evaluate the release or threat of release of hazardous substances...." Plaintiffs argue 42 U.S.C. § 9601(23) provides for recovery for medical monitoring expenses because Section 9601(23) uses the term "monitor."

Plaintiffs' reliance on this section is misplaced. Section 9601(23) provides for the removal and cleanup of hazardous waste *from the environment.* It does not address monitoring of individuals for personal health reasons. As explained by the court in *Artesian Water Co. v. Gov't of New Castle County,* 659 F.Supp. 1269, 1288 (D.Del.1987), the purpose of Section 9601(23) is to promote the cleanup of toxins from the environment.

Legislative history reveals that Congress contemplated including medical monitoring under CERCLA. *See* S.Rep. No. 848, 96th Cong., 2d Sess. 54, *reprinted in* 1 Legis. Hist. 308, 360–361, S. 1480. However, the act as passed does not include any language reflecting Congress' earlier intentions. The plain language of CERCLA only provides for the cleanup of toxic substances from the environment. Therefore, allegations in plaintiffs' complaint concerning costs of medical monitoring are stricken.

### B. Property loss

■ Plaintiffs request recovery for loss of property destroyed or diminished in value because of dioxin contamination and for property purchased by the United States Government at less than market value. Defendants term this type of loss economic loss. Economic damages for loss of property are not covered by the statute. Plaintiffs agree that damage to property is generally not recoverable as a response cost.

However, plaintiffs assert there are two exceptions to the general rule. First, plaintiffs point out that 42 U.S.C. § 9601(24)

defines remedial action to include "the costs of permanent relocation of residents and businesses and community facilities...." Plaintiffs contend that the cost of permanent relocation includes the lost value on their homes.

The court in *Artesian Water Co. v. Gov't of New Castle County,* 659 F.Supp. 1269, 1288 (D.Del.1987) addressed the issue of recovery for lost value. The plaintiffs in *Artesian* requested recovery for three costs: costs of monitoring and evaluating the impact of the release of hazardous substances from the contamination site, costs related to loss of capacity of Artesian's wells, and costs of obtaining temporary and permanent alternative water supplies. *Id.* at 1276. The court found CERCLA only covered costs of monitoring and evaluating the toxins on the contamination site. *Id.* at 1270. The other costs were economic losses and were not recoverable under the statute. *Id.*

The costs related to loss of capacity of the wells is analogous to loss of value of a home. The value of the well decreased because its capacity decreased. The lost value of the well was not recoverable under CERCLA. Similarly, recovery for lost value of a home is an economic loss and not recoverable under CERCLA. Plaintiffs may bring a private cause of action in state court.

■ Plaintiffs assert a second exception is applicable. Although personal property costs are generally not recoverable, plaintiffs argue that they incurred their personal property losses in the course of the cleanup efforts required by the statute. It is unclear whether plaintiffs request recovery for costs incurred in destroying their personal property or recovery for the loss of their personal property. Costs incurred in the action of destroying or removing personal property are covered under CERCLA. *See* 42 U.S.C. § 9601(23), (24). However, CERCLA does not cover losses for the personal property itself. Therefore, plaintiffs are allowed to amend the complaint to clarify this request.

**C. Recovery for post-relocation living expenses**

Plaintiffs also originally sought recovery of post-relocation increased rent, utility expenses and commuting costs. During oral argument plaintiffs informed the court that they are no longer seeking recovery for these expenses.

Accordingly, IT IS HEREBY ORDERED that:

1. Allegations for recovery of medical monitoring costs are stricken.

2. Allegations for recovery of costs incurred due to diminution in value of plaintiffs' homes are stricken.

3. Allegations for recovery of post-relocation expenses are stricken.

4. It is unclear whether plaintiffs request recovery for loss of personal property or if plaintiffs request costs of moving or destroying this personal property. Plaintiffs are allowed to amend the complaint to explain which costs are requested.